| | |
|---|---|
| **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.** | **Hearing Date and Time:** **July 14, 2016 at 11:00 a.m.** |

875 Third Avenue
New York, New York 10022
Telephone No.: 212-603-6300
A. Mitchell Greene
Attorneys for the Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

In re:                                                                               Chapter 11

**ROSLYN SEFARDIC CENTER CORP.,**          Case No.: 16-70299-las

                                    Debtor.
----------------------------------------------------------X

## DEBTOR'S OBJECTION TO L&L ASSOCIATES HOLDING CORP.'S MOTION TO DISMISS THE CASE OR, IN THE ALTERNATIVE MODIFYING THE AUTOMATIC STAY

TO THE HONORABLE LOUIS A. SCARCELLA,
UNITED STATES BANKRUPTCY JUDGE:

**Roslyn Sefardic Center Corp.,** the debtor and debtor in possession (the "Debtor"), respectfully submits this objection to L&L Associates Holding Corp.'s Motion to Dismiss the Case or, in the Alternative, Modifying the Automatic Stay (the "Motion"). In support of this objection (the "Objection"), the Debtor respectfully states as follows:

### Preliminary Statement

1.      The Motion of L&L Associates Holding Corp. ("L&L") should be denied in its entirety. The Debtor filed this chapter 11 case on January 25, 2016 (the "Petition Date") to stay the tax lien foreclosure sale of the real property and improvements located on 1 Potters Lane, Roslyn Heights, New York (the "Property") commenced by L&L and allow it time to reorganize

its obligations. L&L's Motion is merely a pro forma motion asking the Court to dismiss the case or grant stay relief without containing any evidentiary support for dismissal or stay relief. The Motion is not supported by any evidence, whether in the form of an affidavit or an appraisal, and merely contains conclusory statements to fit the statutory predicates for dismissal and stay relief. The Motion is simply a recitation of sections 1112(b) and 362(d) of the Bankruptcy Code and nothing more.[1] Simply put, L&L is asking for this Court to dismiss the case or, in the alternative, lift the stay, because L&L feels that they are prejudiced by the Debtor's filing, despite the fact that L&L's interest is adequately protected. Moreover, the Debtor is prepared to offer L&L additional adequate protection in the form of monthly interest payments.

**Objection**

2.    It is well-settled that the burden to establish cause for dismissal or conversion rests squarely on the party seeking such relief. *In re Greene*, 57 B.R. 272, 276 (Bankr. S.D.N.Y. 1986). In the case at bar, L&L has failed to establish "cause" because all L&L's Motion does is recite the statutory definition of "cause" under section 1112(b)(4) of the Bankruptcy Code . The Motion barely makes any effort to satisfy cause under 1112(b)(4) outside of generic statements that are unsupported by any evidence. Unsupported and conclusory statements are not enough to carry the burden to establish cause.

3.    Additionally, L&L seeks, in the alternative, stay relief. Again, L&L provides nothing in support of its request that the stay should be lifted. There is no evidence supporting the diminution of the value of its collateral, no supporting affidavit or an appraisal, but merely a reference to section 362(d) of the Bankruptcy Code. Section 362(g) of the Bankruptcy Code allocates the burden of proof on a motion for relief from the automatic stay on the party seeking

---

[1] The Motion cites to section 363(d) of the Bankruptcy Code, however, for purposes of this Objection, the Debtor is assuming that L&L seeks to lift the stay pursuant to section 362(d) of the Bankruptcy Code.

such relief. However, while "section 362(g) allocates the ultimate burden of persuasion under both sections 362(d)(l) or (d)(2), the movant must still make a prima facie case that the movant is entitled to the relief that it seeks." *In re Worldcom, Inc.*, 2003 WL 22025051 (Bankr. S.D.N.Y. Jan. 30, 2003) (citing *In re Eatman*, 182 B.R. 386, 390 (Bankr. S.D.N.Y. 1995). L&L's request to lift the stay should be denied as L&L has not set forth a prima facie case. The Motion contains, once again, nothing more than conclusory statements that the value of the Property is declining and that L&L is not adequately protected. L&L has submitted no evidence to support its allegations.[2]

4. Whether L&L is seeking dismissal or stay relief, it has not set forth a prima facie case, nor carried its burden to establish that either form of relief should be granted. L&L offers no evidence in support of its position except the mere fact of the Debtor's filing and reference to an unrelated bankruptcy.

5. The Debtor has been in bankruptcy for six months, and while this is the Debtor's second filing, L&L has failed to establish any cause for dismissal or stay relief. L&L's barebones motion merely states that this is a "parked in Chapter 11" case. That is simply not the case. While the docket is not full of motion practice, since the Debtor's filing, the Debtor has engaged in settlement discussions with Horizon Equities, the holder of a second lien, to reduce the amount of its claim. Additionally, the Debtor reached out to other parties to secure alternative means of financing in order to submit a plan of reorganization. The Debtor was engaged in preliminary discussions with another religious not-for-profit corporation on the sale of the Debtor's assets, however, as of the filing of this Objection, those discussions have stalled. The Debtor remains hopeful that it will be able to generate the funds needed to exit bankruptcy,

---

[2] Additionally, the request for stay relief is procedurally defective as L&L failed to comply with Local Bankruptcy Rule 4001-1 which requires any motion requesting relief from the automatic stay be "returnable within 30 days from the date filed."

either through donations from its congregants, private loans, or through a third-party who could provide financing and either run the congregation or purchase the Debtor's assets. The Debtor submits that while it has yet to file a plan or disclosure statement, it is working diligently towards that goal.

6. While, the Property has significant value above its secured claims, it is difficult to obtain traditional financing because the Debtor relies upon donations to operate. In the years since the Debtor's inception, the Debtor has been able to pay its current obligations and even paid Horizon its monthly stipulated payment in excess of $200,000 in the last few years, all through donations raised from the Debtor's congregants. L&L's obligations came to exist due to the Debtor's not-for-profit status not being recognized by Nassau County. That situation has since been rectified and certain taxes have been reduced, and without L&L's lien, the Debtor would be able to operate on donations. However, with the existence of L&L's lien, the Debtor submits that this is an issue that must be dealt with either in the bankruptcy or by the Debtor through the appropriate county channels.

7. L&L states that the no operating reports have been filed. However, even a brief review of the docket shows that operating reports have been filed through March 2016, and the Debtor will be current with all outstanding reports by the hearing on this Motion. L&L further states that the Debtor's operating reports show "negligible income." However, L&L fails to recognize that the Debtor is a not-for-profit religious corporation, and as such, the Debtor does not generate income, but rather relies on donations to support its expenses. The purpose of the Debtor is not to generate income, but to provide a place of worship for its congregants. Rather than generate income to pay expenses, donations are solicited to pay such expenses. As previously stated herein, the Debtor has raised over $200,000 to make loan payments to Horizon,

in addition to paying its day to day expenses. Accordingly, the Debtor submits that while the operating reports may show minimal income, postpetition obligations are being paid as they come due.

8. L&L states that it is prejudiced by the bankruptcy because it is unfairly delayed in its collection efforts and is not adequately protected. The Debtor submits that any creditor's collection efforts will be prejudiced by the filing of a bankruptcy, and that is the function of any chapter 11 filing. Such a statement is the opening salvo by virtually every delayed party in virtually every bankruptcy case involving real property. Yet, the substantial number of cases that are successfully reorganized in this and other courts stand as moot testimony to the "bankruptcy" of this argument. Few, if any, cases would result in confirmed plans if mere speculation, without proof of actual intent to misuse the bankruptcy process, constituted grounds for dismissal or modification of the automatic stay. The Debtor possesses a valuable asset to preserve, which preservation and implementation of a plan of reorganization will inure to the benefit of all creditors in this case, not solely L&L.

9. Regardless of L&L's unsupported statements, when a party's collateral is adequately protected, then relief from the stay is not warranted. *See, AmeriCredit Financial Services, Inc. v. Dwight Nichols and Peggy Nichols*, 440 F.3d 850 (6th Cir. 2006) (relief from stay not warranted where value of collateral exceeded amount of debt); *In re Hirsch*, 360 B.R. 43 (Bankr, E.D.N.Y. 2007) (debtor's schedules and exhibits established that a large equity cushion existed and adequately protected the lender).

10. The Debtor submits that L&L's collateral is not deteriorating. While L&L may continue to accrue interest, it has a secured claim in the alleged amount of $369,831.64 against the Property which is scheduled at approximately $1,000,000. Because no evidence to the

contrary has been offered by L&L, one has to presume that L&L recognizes the scheduled value of the Property. Accordingly, the Debtor's collateral is considerably oversecured and L&L will not be prejudiced by the current stay remaining in place. L&L's motion states that "repairs and maintenance on the property have been deferred," but again they provide no supporting evidence to substantiate its claim.

11. L&L has failed to reasonably demonstrate that legal sufficient reasons exist for modification of the automatic stay at this juncture. The Debtor's undisputed scheduled value of the Property and the payment of $5,000 per month in adequate protection, which as discussed below, ensure that L&L is adequately protected and that the stay should not be lifted.

12. L&L also further states that the Debtor has not produced evidence of property insurance. To be clear, L&L never requested that the Debtor provide it with evidence of property insurance, but in any event, proof of property insurance was turned over to the Office of the United States Trustee in advance of the Debtor's 341 meeting. A copy of the property insurance is attached to this Objection as **Exhibit A**.

13. Finally, L&L wishes to impute the prior individual bankruptcies filed by the Debtor's principal to the Debtor. Again, L&L has provided no supporting evidence as to how or why the Debtor's principal's prior bankruptcies should have any impact on this current chapter 11 case. The Debtor's rehabilitation efforts are not centered around its principal, but rather around the Property, the Property's current use and the community it serves. Whiles the Debtor does not have a large congregation, it has a loyal following that has supported the Debtor financially over the years, by donating more than sufficient funds to pay its legitimate obligations.

14. So while L&L's Motion should be denied in its entirety because it does not set

forth a prima facie case, the Debtor understands that significant progress must be made in order for it to stay in chapter 11.  In order to allow the Debtor time to continue to operate in chapter 11 and to allay any concerns regarding any decline in the Property's value, despite the lack of evidence, the Debtor submits that it will pay to L&L $5,000 per month as adequate protection.  The $5,000 is well in excess of the 9% judgment rate interest that is currently accruing on L&L's judgment.  The Debtor understands that while not required, it is making this offer in good faith in order to be given a chance to reorganize.  Accordingly, by paying $5,000 a month to L&L, L&L's claim will cease accruing additional interest and will be protected against any so-called diminution in value or reduction of L&L's equity cushion.

15.     This case should not be dismissed nor should the stay be lifted. The Debtor acted in good faith in commencing this case and should be given the chance to reorganize.  The Debtor has considered selling its Property, if necessary, which would benefit of all the creditors of the estate, but this Court should not allow L&L to foreclose at this juncture.  Dismissal or stay relief would only further the goals of one creditor, L&L.  Neither the Debtor nor its other creditors should be deprived the value of the Property, especially at this stage of this chapter 11 case.   The purpose of the Debtor's filing was to preserve and protect the Property, a valuable asset essential to the needs of the Debtor's congregation.  The Debtor submits that it should be provided with an opportunity to reorganize its business, either through a plan of reorganization or, if all of its other efforts fail, through a sale and pay its creditors.  A sale in this case, after marketing, would certainly achieve a better return than a foreclosure sale.  The Debtor should be afforded the time to continue its efforts to find replacement financing before this Court either dismisses this case or lifts the stay for a secured creditor that is adequately protected.

**WHEREFORE**, it is respectfully requested that this Court deny L&L's Motion and grant such other and further relief as is just and proper.

**Dated:**  New York, New York
July 7, 2016

                                          **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
                                          **Attorneys for the Debtor**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: (212) 603-6300


By: /s/ A. Mitchell Greene
         **A. Mitchell Greene**

**Exhibit A**



Wesco Insurance Company
800 Superior Avenue East, 21st Floor
Cleveland, OH 44114

**Policy Number:**
WPP1378186 00
**Named Insured:**
ROSLYN SEFARDIC CENTER CORP.

# GENERAL LIABILITY
# COVERAGE PART

| | |
|---|---|
| **Policy Number** WPP1378186 00 | **Policy Period:** **From** 8/9/2015 **To** 8/9/2016 |
| | 12:01 a.m. Standard Time at the Named Insured's Address |

**Transaction**    New Business

**Named Insured and Address**
ROSLYN SEFARDIC CENTER CORP.
1 POTTERS LN
ROSLYN HEIGHTS NY 11577

**Agent**
C&M FIRST SERVICES, INC.
1501 BROADWAY, STE. 1506
NEW YORK NY 10036

Telephone:    (212) 221-3753

**Business Description**
1 family tenant occupied dwell

**Type of Business**
Organization Including a Corporation

**Audit Period**
Annual

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.**

### LIMITS OF INSURANCE

| | |
|---|---:|
| General Aggregate Limit (Other than Products-Completed Operations) | $ 2,000,000 |
| Products – Completed Operations Aggregate Limit | $ 1,000,000 |
| Each Occurrence Limit | $ 1,000,000 |
| Medical Expense Limit, any one person | $ 5,000 |
| Damage to Premises Rented to You Limit, any one premises | $ 100,000 |
| Personal and Advertising Injury Limit | $ 1,000,000 |

### AMENDED LIMITS OF LIABILITY
Refer to attached schedule, if any.

### LOCATIONS OF ALL PREMISES YOU OWN, RENT OR OCCUPY
Refer to attached schedule.

### CLASSIFICATIONS
Refer to attached schedule, if any.

**TOTAL PREMIUM FOR THIS COVERAGE PART**    $    **577.00**

**Forms and Endorsements Applicable**

See Forms and Endorsements Schedule

These Declarations together with the common policy conditions, coverage declarations, coverage form(s), and form(s) and endorsements, if any, issued, complete the above numbered policy.